**In the Matter of Theodore T. LOWE, Jr.**

United States Bankruptcy Court,
N. D. Georgia.

Feb. 11, 1982.

See also 18 B.R. 20.

## ORDER

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

Pursuant to findings of fact and conclusions of law dated December 4, 1981, concerning the conduct of Theodore T. Lowe, Jr., after notice and hearings to Mr. Lowe, this court by order of December 4, 1981, suspended Mr. Lowe from the practice of law in the United States Bankruptcy Court for the Northern District of Georgia. That order of December 4, 1981, also ordered Mr. Lowe to show cause to this court on January 11, 1982 why the order of suspension should not be continued.

The order was served upon Mr. Lowe by the United States Marshal for the Northern District of Georgia on December 10, 1981.

On January 11, 1982, in the courtroom designated in the order of December 4, 1981, this court called the matter and Mr. Lowe failed to respond. Mr. Gene Martin did appear pursuant to a similar order dated December 4, 1981, and requested permission to address the court in respect to the failure of Mr. Lowe to appear. Mr. Gene Martin stated under oath that Mr. Lowe had advised him to inform the court that Mr. Lowe was engaged in an appearance in another court in Fulton County, Georgia and would be unable to attend the hearing in this matter. The court had no further contact with Mr. Lowe respecting the hearing of January 11, 1982.

On January 28, 1982, Mr. Lowe appeared before the Court pursuant to an appointment requested by telephone on that day. Mr. Lowe made certain conflicting and confusing statements to the court concerning his failure to be served or receive a copy of the order of December 4, 1981 prior to January 11, 1982, that he had requested Mr. Martin to speak for him on January 11, 1982, but Mr. Lowe made no objection to the accuracy of the findings of this court of December 4, 1981, other than to argue that his connection with Mr. Martin and the Chapter 13 debtors involved no impropriety, and that he hoped the court would not continue the suspension imposed in the prior order.

Wherefore, no appearance having been made by Mr. Lowe, on January 11, 1982, no request for continuance of said hearing having been made, no response to the order to show cause having been made on January 11, 1982, the statements made by Mr. Lowe at a hearing held on January 28, 1982, and his actions at that time which appeared to be under the influence of intoxicating spirits, merely reinforces the prior conclusion of the court and the necessity to continue the suspension from practice of law previously ordered. The court finds the actions of Mr. Lowe on January 11, and January 28, 1982, to be consistent with and a continuation of the actions of this attorney in regular matters in this court as more fully specified in the findings of this court in its order dated December 4, 1981.

Wherefore, the court incorporates the findings of the order of December 4, 1981, as a part of this order and herewith continues and makes permanent the order of suspension of Theodore T. Lowe, Jr. from practice in this court until further order of this court.

## ORDER

Based upon the foregoing findings of fact and conclusions of law, of U. S. Bankruptcy Judge William L. Norton, Jr., of date of February 11, 1982, in the above-styled matter, the United States Bankruptcy Judges of the United States Bankruptcy Court for the Northern District of Georgia suspend Theodore T. Lowe, Jr. from the practice of law in the United States Bankruptcy Court for the Northern District of Georgia until further order of this court.

A. DAVID KAHN
Chief Judge
WILLIAM L. NORTON, Jr.
Bankruptcy Judge
W. HOMER DRAKE, Jr.
Bankruptcy Judge
HUGH ROBINSON
Bankruptcy Judge