**In re Daniel George WRIGHT and Virginia Ellen Miller Wright, Debtors.**

No. 85–756–Civ–T–15.
Bankruptcy No. 84–1375–BK–FM–NA.

United States District Court,
M.D. Florida,
Tampa Division.

June 8, 1987.

Philip J. Gouze, Fort Lauderdale, Fla., for plaintiff.

Robert C. Hill, Fort Myers, Fla., for defendants.

## ORDER

CASTAGNA, District Judge.

Philip J. Gouze, Esquire, appeals to this Court from an order of the bankruptcy court which found him in contempt for violating the automatic stay provision of

the bankruptcy code, 11 U.S.C. § 362. For the reasons discussed below, the Court finds that the decision of the bankruptcy court must be reversed.

The following facts are not in dispute:

1. On May 24, 1984, Mr. Gouze obtained service of process on the debtors in an action filed against them in state court by Colonial National Bank ("Colonial"), a creditor.

2. On June 25, 1984, the bankruptcy court sent an order to the debtors' creditors which advised them not to commence or continue any proceeding against the debtors. Colonial was listed as a creditor on the bankruptcy court's service list attached to that order.

3. On August 9, 1984, a final judgment was entered in state court in favor of Colonial and against the debtor.

4. On August 14, 1984, Mr. Robert C. Hill, debtors' attorney, sent a letter to Mr. Gouze advising Mr. Gouze of the bankruptcy proceedings. That letter requested that Mr. Gouze attempt to vacate the judgment entered against the debtors.

5. On August 17, 1984, Mr. Gouze wrote a letter to Mr. Hill and explained that he had not received any notice from the bankruptcy court about proceedings involving the debtors.

6. On August 22, 1984, Mr. Hill filed a motion in the bankruptcy court asking that Mr. Gouze be found in contempt of court for not moving to vacate the judgment against the debtors.

7. On August 31, 1984, Mr. Gouze filed a motion in state court requesting that the judgment against the debtors be vacated.

8. On September 7, 1984, the judgment against the debtors was vacated.

9. On September 17, 1984, Mr. Gouze filed an affidavit from Colonial's collection manager which indicated that Colonial did not receive the bankruptcy court's order staying proceedings against the debtors.

10. On January 28, 1985, the bankruptcy court found Mr. Gouze in contempt and fined him $1,000 after finding that he violated the stay by refusing to remove the final judgment from the record.

■ The appellant argues that the bankruptcy court had no authority to punish him for criminal contempt for conduct that did not occur in the presence of the bankruptcy judge. This argument is a correct statement of the law. *See* 28 U.S.C. § 1481. If a bankruptcy judge desires to punish such conduct, he must certify the facts to the District Court after notice and a hearing. *See* Bankr.R. 9020. Because the bankruptcy judge did not follow this procedure in this case, it appears that the appellant is entitled to some relief. The appellee argues, however, that the Court should construe the bankruptcy court's order as finding Mr. Gouze in *civil* contempt.

■ The bankruptcy court did not identify its order as one of civil or criminal contempt. Nor would that label be dispositive of the issue. *See, e.g., Latrobe Steel Co. v. United Steelworkers of America,* 545 F.2d 1336, 1342 (3d Cir.1976); *Lewis v. S.S. Baune,* 534 F.2d 1115, 1119 (5th Cir. 1976). Rather, the most significant factors in determining the nature of the contempt order are "the purpose and character of the sanctions imposed against the contemnor." 545 F.2d at 1343 (citation omitted). The court in *Latrobe* explained:

> The purpose of criminal contempt is to vindicate the authority of the court. Criminal contempt seeks to punish past acts of disobedience and may be maintained only with the court's approval. Its proceedings are separate from the actions which spawned them. If a criminal contempt action develops from a civil proceeding, it bears a separate caption apart from the civil suit. And the penalties arising out of adjudications of criminal contempt are generally an absolute fine of a specific amount or a determinate period of confinement.
>
> On the other hand, the objective of a civil contempt decree is to benefit the complainant. Civil contempt proceedings are instituted primarily on the motion of the plaintiff and are part of the underlying action.

. . . . .

[C]ivil contempt itself may be divisible into two sub-categories which benefit the aggrieved party in distinctive ways. Remedial or compensatory actions are essentially backward looking, seeking to compensate the complainant through the payment of money for damages caused by past acts of disobedience. Coercive sanctions, in contrast, look to the future and are designed to aid the plaintiff by bringing a defiant party into compliance with the court order or by assuring that a potentially contumacious party adheres to an injunction by setting forth in advance the penalties the court will impose if the party deviates from the path of obedience.

345 F.2d at 1343–44 (citations omitted).

■ Applying this analysis to the instant case, the Court finds that the bankruptcy court's order is a criminal contempt order. The only civil characteristic of the order is its failure to bear a caption apart from the civil suit. On the other hand, the order has several characteristics of a criminal contempt order. First, it punishes Mr. Gouze for a past act of disobedience. Second, it appears to impose an absolute fine ($1,000). Because there is no evidence in the record of any damages to the plaintiff caused by Mr. Gouze's conduct, the fine cannot be said to be compensatory or remedial. Finally, the sanction cannot be said to be coercive because Mr. Gouze had complied with the stay order before the bankruptcy court found him in contempt.

The Court concludes that the bankruptcy court improperly punished Mr. Gouze for criminal contempt without following the procedure set forth in Bankruptcy Rule 9020. Accordingly, its order of contempt must be reversed.

■ The result would be the same in this case even if the Court were to find that the bankruptcy court intended to punish Mr. Gouze for civil contempt because the record does not support two findings made

below. Specifically, the bankruptcy court found that:

On August 17, 1984, Mr. Gouze responded that he had not received a restraining order issued by the Bankruptcy Court, and until he receives a written notice or order he will not remove the judgment from the public record.

Order of January 28, 1985 at 2. A careful review of Mr. Gouze's letter [1] reveals that it simply requests additional information and does not communicate an unwillingness to comply with the stay.

The bankruptcy court also found that: Despite actual notice, which contained not only the proper style and number of the case, but also identified the court where the case was pending, counsel for the Bank continued to violate the stay by refusing to remove the Final Judgment from the record and to move to have the judgment set aside.

*Id.* at 4. Again, Mr. Gouze's letter does not indicate that he "refused" to comply with the stay. Nor is there any evidence of record which demonstrates such intent. To the contrary, both parties advised the bankruptcy court that the judgment was vacated on September 7, 1984 at Mr. Gouze's request. *See* Transcript of Hearing on Motion for Contempt at 12. The bankruptcy court did not mention this fact in its order.

■ A creditor who learns of a pending bankruptcy proceeding may have a duty to undo actions taken in violation of 11 U.S.C. § 362. *See, e.g., In re Johnson,* 18 B.R. 755, 757 (Bankr.S.D.Ohio 1982); *In re Wariner,* 16 B.R. 216, 218 (Bankr.N.D.Tex. 1981). In this case, however, it is undisputed that Mr. Gouze moved to undo the judgment within two weeks after debtor's counsel informed him of the bankruptcy proceedings.[2] On this record, a finding of contempt is simply not warranted.

Based on the foregoing, it is

ORDERED:

---

1. The letter to Mr. Hill is attached to appellant's response to motion for contempt (bankruptcy docket entry no. 8) as Exhibit E.

2. The bankruptcy court did not make a finding as to whether or not Mr. Gouze ever received its

order of June 24, 1984. It assumed, however, that Mr. Gouze became aware of the bankruptcy proceedings upon receipt of the letter from Mr. Hill. *See* Order of January 28, 1985 at 4.

The order on motion for contempt (bankruptcy docket entry no. 18) is reversed.