**In re Richard W. NESOM, Debtor.**

**In re Robert S. NESOM, Debtor.**

**Bankruptcy Nos. 387–30178–A–7, 387–30179–A–7.**

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

July 17, 1987.

James H. Evans, Jr., Evans & Associates, Dallas, Tex., for debtors.

## MEMORANDUM OPINION

HAROLD C. ABRAMSON, Bankruptcy Judge.

In the above two proceedings, it has come to the attention of the Court that the signature of each debtor on the statement of affairs, schedules, and schedule of current income and expenditures were signed in a handwriting different from that signature on the original petition in each proceeding.

As a consequence of this, the Court, on its own motion, cited Mr. James H. Evans, Jr., attorney, the Dallas Bar, and the personnel in his office, to show cause before the Court why such fact as to the signatures of his clients appear to be different and *misspelled,* and why appropriate action should not be taken by the Court.

At a hearing before the Court held on June 18, 1987, Mr. Evans appeared in open court and admitted on the record to the Court that he had signed the names of Richard Nesom on the statement of affairs and schedules, spelling Richard "Nesom" as "Nesum"; that he had signed the name of Robert "Nesom" as "Nesum" on the same document; that the proper spelling of the names of the two debtors is "Nesom". Mr. Evans had no further explanation except that he had so signed the names of his clients.

Further, upon inquiry by the Court as to why the property scheduled by the debtors in each case was the same property in every detail, Mr. Evans answered that the debtors were brothers and each owned part of the property. Upon inquiry further, the Court asked why he did not indicate undivided or partnership interests in said property, and Mr. Evans had no satisfactory answer.

The Court finds that there are serious questions of violation of the rules of the State Bar of Texas; the Court further finds that there are serious questions as to violations of federal law under the Bankruptcy Code; in fact, the debtors have not signed and sworn to the information required of a debtor under the Bankruptcy Code, 11 U.S.C. § 521. Mr. Evans may have subjected his clients to loss of discharge or revocation of discharge without their realization and without their affidavits.

The Court further finds that Mr. Evans has violated Bankruptcy Rule 9011 after the above-described show cause hearing wherein Mr. Evans was to show cause why sanctions should not be applied. The Court finds that there could not have been a belief in Mr. Evans' mind that signing the statement of affairs, schedules, and schedule of current income with the forged signatures of the debtors was proper or warranted under existing law or a good faith argument to extend the law. The Court

further finds that Mr. Evans, by the improper signing of his clients' names to key documents, has impeded and disrupted the bankruptcy process and that such conduct is sanctionable under the inherent powers of this Court. 11 U.S.C. § 105. Therefore, Mr. Evans is to be sanctioned as follows:

A) Mr. Evans is prohibited from practicing in the Bankruptcy Court for the Northern District of Texas for a period of sixty (60) days.

B) Any hearings that occur in the months of October and November, 1987, involving clients of Mr. Evans, Mr. Evans shall find substitute counsel for those clients and remit his retainer to the substitute counsel.

C) Mr. Evans is not to accept a bankruptcy client or a fee for a bankruptcy for the said period of sixty (60) days, to wit, October and November, 1987, directly or indirectly, through his or office or any other attorney's office.

D) A copy of this memorandum is being forwarded to the State Bar Committee which is appropriate for investigation of such matters.[1]

1. This memorandum shall constitute findings of fact and conclusions of law. This is a core proceeding concerning administration of the estate.