In re Leon S. HEARD, Debtor.

Bankruptcy No. B89–1778.

United States Bankruptcy Court,
N.D. Ohio, E.D.

Nov. 7, 1989.

Marvin A. Sicherman, Dettelbach, Sicherman & Baumgart Co., L.P.A., Cleveland, Ohio, Trustee.

Edward R. Bohnert, Lyndhurst, Ohio, for Federal Nat. Mortg. Ass'n.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

### I.

This matter came on for hearing on June 1, 1989 upon the motion to show cause and a motion for sanctions filed by Federal National Mortgage Association (FNMA), a creditor of Leon S. Heard (Debtor). On June 6, 1989 this Court ordered Debtor to pay $1,500.00 as adjudged sanctions on or before July 31, 1989, for attorney fees and costs incurred by FNMA as a result of the filing of this Chapter 7 petition, which fil-ing was in violation of a previous order of this Court.

The matter is once more before this Court on Creditor's motion for an order on the Debtor to appear and show cause why further sanctions should not issue due to his failure to pay FNMA by the appointed time. A hearing was scheduled on September 14, 1989. Upon the Debtor's request, the hearing was adjourned to September 28, 1989. At the adjourned hearing Debtor represented that he was not prepared to pay the amount ordered. He gave no excusable grounds for his failure to do so.

### II.

The Debtor and/or his spouse have filed since 1981 a total of eight bankruptcy petitions, including the instant case. This total includes four Chapter 13 petitions and four Chapter 7 petitions. Each of the Chapter 13 petitions was dismissed either after relief from stay was obtained by FNMA on the Debtor's failure to maintain current mortgage payments, or on objections to confirmation filed by FNMA, or for failure to prosecute. The last two Chapter 7 petitions, (not including the instant case) one each by the Debtor and his spouse, were dismissed by the Court on motion of either the Panel trustee or the United States Trustee. Sanctions were awarded relative to each of these two dismissals. Finally, in an order dated September 15, 1988 in the last Chapter 7 case of Debtor Leon S. Heard, said Debtor was specifically enjoined from filing any further bankruptcy proceedings on behalf of himself before this Court.

The chronology of the various bankruptcy filings is remarkable. The first Chapter 7 petition was jointly filed by Debtor Leon S. Heard and his spouse, Bobi Heard, in 1981, Case No. B81–2436. The Debtors therein were granted a discharge on October 15, 1981, and the applicable debt obligation to FNMA was reaffirmed. A foreclosure action was subsequently filed by FNMA on August 19, 1982. *FNMA v. Heard*, Guy. Co. Ct. Comm. Pleas, CV–No. 47478, Nov. 11, 1983. The first sheriff's sale was scheduled for January 17, 1984.

On January 17, 1984, the instant Debtor's spouse, Bobi Heard aka McCauley, filed a Chapter 13 petition (Case No. B84–114). On October 15, 1984, final relief from stay was granted to FNMA, as a result of the debtor's failure to maintain current payments. Again, foreclosure proceedings were commenced with the second sheriff's sale scheduled for December 30, 1985.

On December 30, 1985 the Debtor filed a Chapter 13 petition, the same being Case No. B85–3315. Again, relief from stay was granted to FNMA on May 21, 1986, as a result of the Debtor's failure to maintain current mortgage payments. On June 18, 1986, the Debtor filed a motion for reconsideration which was granted on August 8, 1986. Again, relief from stay was granted on October 20, 1986, as a result of Debtor's failure to make a payment ordered previously in the journal entry granting the motion for reconsideration. The third sheriff's sale was thereupon scheduled in the foreclosure action for January 20, 1987.

On January 20, 1987 the Debtor's spouse, Bobi Heard aka McCauley, filed a Chapter 13 petition, Case No. B87–162. On May 6, 1987, said Chapter 13 case was dismissed as a result of objections to confirmation filed by FNMA. The fourth sheriff's sale was scheduled in the foreclosure action for November 23, 1987.

On November 23, 1987 the Debtor's spouse, Bobi J. Heard, filed another Chapter 13 petition, Case No. B87–4216. On February 17, 1988, said Chapter 13 case was dismissed as a result of failure to prosecute, i.e., nonappearance at a § 341 first meeting of creditors. The fifth sheriff's sale in the foreclosure action was thereupon scheduled for June 6, 1988.

On June 6, 1988 the Debtor filed a Chapter 7 petition, Case No. B88–2039. FNMA obtained an order of abandonment and relief from stay relative to the subject real property on August 22, 1988. The Chapter 7 petition was dismissed, with prejudice, on September 15, 1988 pursuant to an order granting a motion of the interim Trustee for sanctions and for dismissal of the case with prejudice. In addition, said order enjoined the Debtor from filing any further bankruptcy cases on behalf of himself before this Court. That order was directly violated by the filing of the instant petition. The sixth sheriff's sale in the foreclosure action was thereupon scheduled for December 12, 1988.

On December 12, 1988, the Debtor's spouse, Bobi J. Heard, filed a Chapter 7 petition, Case No. B88–4660. On February 14, 1989, an order was entered authorizing the abandonment of the subject real property and relief from stay in favor of FNMA. On April 13, 1988, the U.S. Trustee's Motion to Dismiss and for Sanctions was granted therein. The seventh sheriff's sale was scheduled in the foreclosure action for May 8, 1989 but was withdrawn as a result of the filing of the Debtor's present Chapter 7 case.

### III.

The Debtor filed the present Chapter 7 petition, *pro se*, in direct violation of the Court's Order entered in his previously filed Chapter 7 petition, which enjoined him from filing any further bankruptcy cases on his own behalf. The instant petition was not accompanied by a Schedule of Current Income And Expenses or by a statement of financial affairs and other documents required by Rule 1007(b), Bankr.R. These forms were never filed nor was a filing fee ever paid. Bankruptcy Rule 9011 mandates that a filing cannot have any improper purpose, such as harassment or delay. It is clear from the history of this Debtor that the multiple filings by Debtor and his spouse have had as their primary purpose the thwarting of the justifiable attempts of FNMA to foreclose on the Debtor's property, and not the purpose of achieving any legitimate goal designed by Congress in enacting this Chapter. It is uncontested that the subject mortgage loan is now delinquent for over five years. The Debtor and his spouse have continued to use the property. Debtor, a bankruptcy attorney, has misused his knowledge of the Bankruptcy Code to cause continuing expense to FNMA and to prevent it from foreclosing on the subject property. Fur-

ther, the Debtor's conduct was nothing less than a blatant abuse of the bankruptcy process.

■ Even when an attorney represents himself in a *pro se* capacity, he does not lose the aura of an officer of the court. If the Debtor was represented by counsel, his counsel would be subject to the same duties and responsibilities that the Debtor is subject to. If the Debtor acted on advice of counsel, such counsel would likewise be held responsible for the advice he had given. In the present situation, the Debtor has violated his duty as an officer of this Court and as a petitioner having invoked the jurisdiction of the Court.

One hundred years ago the U.S. Supreme Court described the professional obligation of attorneys as follows:

They are officers of the law, as well as the agents of those by whom they are employed. Their fidelity is guaranteed by the highest considerations of honor and good faith, and to these is superadded the sanction of an oath. The slightest divergence from rectitude involves the breach of all these obligations. None are more honored or more deserving than those of the brotherhood who, uniting ability with integrity, prove faithful to their trusts and worthy of the confidence reposed in them. Courts of justice can best serve both the public and the profession by applying firmly upon all proper occasions the salutary rules which have been established for their government in doing the business of their clients.

*Baker v. Humphrey*, 101 U.S. 494, 502, 25 L.Ed. 1065 (1879).

Measured by this standard, the Debtor falls woefully short of the norm of professional responsibility.

Since this norm was articulated in 1879, the American Bar Association has, in its Code of Professional Responsibility, provided substantial guidance to federal courts in evaluating the conduct of attorneys appearing before them. *Brennan's, Inc. v. Bren-*

1. The ABA's Code of Professional Responsibility was adopted by the Ohio Supreme Court on

*nan's Restaurants, Inc.*, 590 F.2d 168, 172 n. 5 (5th Cir.1979). Therein, Canon 1 provides:

A Lawyer Should Assist in Maintaining the Integrity and Competence of the Legal Profession.

DR 1–102(A)(5) provides:

A lawyer shall not engage in conduct that is prejudicial to the administration of justice.[1]

*See Disciplinary Counsel v. Hastie*, 29 Ohio St.3rd 28, 505 N.E.2d 261 (1987), as cited in *In re Derryberry*, 72 B.R. 874 (Bankr.N.D.Ohio 1987). Debtor's conduct not only was in direct violation of this Court's order, it also was in violation of the Code of Professional Responsibility. Further, a debtor who invokes the protection of the Bankruptcy Court must assume the responsibilities attendant to this protection. *In re MacDonald*, 73 B.R. 254 (Bankr.N.D. Ohio 1987). The Debtor, in failing to carry out these responsibilities, has demonstrated conduct which undermines the integrity of the bar and of this Court.

Rule 9011, Bankr.R., allows no discretion in the application of sanctions when a court is faced with a violation of that Rule (The court "upon motion or upon its own initiative *shall* impose an appropriate sanction …") (emphasis added). For this reason sanctions were issued against the Debtor, and his present bankruptcy case was dismissed by court order on June 6, 1989.

Now, the Debtor is before the Court for failure to comply with the Court's previous order imposing sanctions. The Court has authority under § 105(a) to issue any order necessary or appropriate to carry out the provisions of the Bankruptcy Code. That section, in pertinent part, provides as follows:

The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. [11 U.S.C. 105(a)]

*See also, Matter of Lowe*, 18 B.R. 20, 25 (Bankr.N.D.Ga.1981).

October 5, 1970.

In view of the abusive filings cited herein and the Debtor's failure to adhere to this Court's previous sanctions order, sufficient cause has been demonstrated for an imposition of further sanctions.

Accordingly, in addition to the sanctions previously imposed herein, the Debtor, Leon S. Heard, as a bankruptcy law practitioner, is hereby suspended from practicing law before this Court for a period of one (1) year.

IT IS SO ORDERED.