**In re Yamid and Mallely ASSAF.**

Bankruptcy No. 86–1417S.

Misc. No. 90–0249.

United States District Court,
E.D. Pennsylvania.

June 15, 1990.

## MEMORANDUM OF DECISION

McGLYNN, District Judge.

This is an appeal from an order of the Bankruptcy Court imposing sanctions on an attorney for contempt by reason of his failure to comply with previous orders of the court. Review by this court is *de novo.*[1]

---

1. The defendant Volz made objections within ten days of service of the contempt order in accordance with Bankruptcy Rule 9020(c). Bankruptcy Rule 9020(c) provides for the contempt order to be reviewed in accordance with Bankruptcy Rule 9033 if objections are made within ten days of service of the contempt order. Bankruptcy Rule 9033(d) provides for a *de novo* review.

On March 25, 1986, Charles F. Volz, Jr., Esquire filed a joint Chapter 13 bankruptcy case on behalf of the above named debtors. A plan of Reorganization was confirmed on September 2, 1986. A proof of claim as a secured creditor (mortgagee) was filed on behalf of Harleysville Savings Association. On July 28, 1988, Harleysville filed its first motion for relief from the automatic stay in order to foreclose upon the debtors' home at 1719 Leon Drive, Hatfield, Pennsylvania. No response was filed by the debtors, either personally or by counsel, and an Order granting Harleysville relief from the automatic stay was entered on August 30, 1988.

On January 18, 1989, the debtors, through their counsel, Volz, filed a motion seeking to reinstate the automatic stay. The matter was reported settled on February 16, 1989, but no stipulation to that effect was forthcoming. Accordingly, the bankruptcy court entered an Order on April 24, 1989, scheduling a hearing on the motion to reinstate for May 2, 1989.

Volz failed to appear at the hearing on May 2, 1989. The bankruptcy court entered an Order under date of May 3, 1989 directing Volz to appear at the continued hearing on May 9, 1989. Volz appeared, submitted a stipulation of settlement pursuant to which the bankruptcy court entered an order reinstating the stay on June 6, 1989.

On December 20, 1989, Harleysville filed a second motion for relief from the automatic stay in order to foreclose on the mortgaged property. A hearing on this motion was scheduled for January 18, 1990. On January 16, 1990, the wife-debtor filed an Answer to the motion *pro se*, stating that the husband-debtor had left the home, that she desired to oppose Harleysville's motion but that Volz had refused to respond to her requests for legal assistance.

Volz failed to appear at the January 18, 1990 hearing and on January 19, 1990, the bankruptcy court entered an Order directing Volz to appear at the continued hearing scheduled for February 1, 1990 to represent the wife-debtor and to show cause why some or all of the fees paid to him by the debtor should not be refunded.

Without explanation, Volz failed to appear at the February 1, 1990 hearing. The wife-debtor did appear and attempted to represent herself. On February 5, 1990, the court entered an Order (a) rescheduling a hearing on Harleysville's motion for March 20, 1990, (b) directing Volz to repay the $645 in fees that the debtors had paid to Volz for his service, said sum to be remitted to Harleysville as a credit against the debtors' mortgage arrearages and (c) to consider further sanctions against Volz "in light of his continuing pattern of ignoring the orders" of the bankruptcy court.

Volz failed to appear at the March 20 hearing and failed to remit $645 to Harleysville as ordered.

The bankruptcy court found that Volz's conduct manifested a blatant disregard for the directives of the court and impeded the court in its efforts to adjudicate Harleysville's motion.

Based on these findings, the bankruptcy court, on March 19, 1990, entered the following Order:

1. Charles E. Volz, Jr. ("Volz") is forthwith suspended from the practice of law in the Bankruptcy Court for the Eastern District of Pennsylvania.

2. Volz shall be reinstated to practice if and only if he pays the sum of $645 to the Deputy, which sum, if and when paid, shall be remitted by the Deputy to Harleysville for application to the Debtors' mortgage account.

3. Volz is directed to submit to this court, on or before April 12, 1990, a list of all open cases in which he represents any parties in this court, including the full caption and bankruptcy number of the case, the parties represented, the fee chargeable to the client, and the amount paid to him on account of that fee to date.

4. A further hearing is scheduled at the following date, time and place to determine what further penalties for civil contempt and for criminal contempt should be imposed upon Volz and what report of the facts set forth herein must be submitted to the Disciplinary

Board of the Supreme Court of Pennsylvania, the Chief Judges of the District Court for the Eastern District of Pennsylvania and the Court of Appeals for the Third Circuit, and the Office of the United States Attorney pursuant to Canon 3(B)(3) of the Code of Judicial Conduct as a result of the actions described herein:

Tuesday, APRIL 24, 1990, at 10:00 A.M. in Courtroom No. 2 (Room 3718), United States Court House, 601 Market Street, Philadelphia, PA 19106.

Acting in accordance with Bankruptcy Rule 9020(e), Volz filed objections to the order of contempt in which he conceded most of the historical facts; *i.e.*, that he never filed a motion to withdraw as counsel and that he did not appear at the hearings and that he did not remit the $645 as directed by the court. He defends his conduct on the grounds that the $645 fee was previously confirmed by the court as reasonable, that he was relieved of his obligation to represent the wife-debtor by her action in entering an appearance *pro se* and by her lack of cooperation and bad faith, and any imposition on the court was the result of wife-debtor's conduct, and not counsel's.

It seems to me that these contentions should have been placed before the court at the show-cause hearing on February 1, 1990 which was scheduled for that specific purpose. Volz failed to appear at that hearing despite being ordered to do so. He had a second opportunity to present his side of the case at the hearing which took place on March 20, 1990 and again he failed to attend the hearing.

In any event, his clients' lack of cooperation does not excuse his failure to comply with the direct orders of the court.

## DISCUSSION

■ The bankruptcy court has authority to issue any order, process or judgment to carry out the provisions of Title 11. 11 U.S.C. § 105(a). The bankruptcy court has authority to take any action or make any determination necessary or appropriate to enforce or implement orders and rules or to prevent an abuse of process and to act *sua sponte* when it is issuing orders or taking any action. *Id.* "One of the inherent powers of any federal court is the admission and discipline of attorneys practicing before it." *In re Corn Derivatives Antitrust Litigation*, 748 F.2d 157, 160 (3rd Cir.1984), *cert. denied*, 472 U.S. 1008, 105 S.Ct. 2702, 86 L.Ed.2d 718 (1985). *Mitchell v. Hilaire*, 901 F.2d 1179, 1188 (3rd Cir. 1990) (Attorney who filed an appearance in 3rd Circuit must conduct himself in accordance with the rules and orders of the '3rd Circuit' and is subject to discipline if the rules or orders are not complied with). *See also In re Abrams*, 521 F.2d 1094, 1099, 1101 (3rd Cir.1975) *cert. denied sub nom., United States District Court v. Abrams*, 423 U.S. 1038, 96 S.Ct. 574, 46 L.Ed.2d 413 (1975).

■ There is ample authority for a bankruptcy court to use civil contempt to enforce its orders and to discipline attorneys before it. Civil contempt orders entered by a bankruptcy judge are constitutional. *In re Stephen W. Grosse, P.C.*, 84 B.R. 377, 387 (Bankr.E.D.Pa.1988), *aff'd*, 96 B.R. 29, 32 (E.D.Pa.1989) (Fullam, Ch.J), *aff'd mem. sub nom. Dubin v. Jakobowski*, 879 F.2d 856 (3rd Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 501, 107 L.Ed.2d 504 (1989).

■ The sanction ordered here was a suspension of practice in the bankruptcy court until Volz remits to the mortgagee the $645 paid to him for legal services by the debtor. Thus the contempt is civil rather than criminal contempt because it is being used to coerce Volz into compliance with the court order rather than punish him. *In re Clark*, 91 B.R. 324, 337 (Bankr. E.D.Pa.1988). *See, also Gregory v. Depte*, 896 F.2d 31, 34 (3rd Cir.1990). [Civil contempt must coerce or compensate.] *Hicks v. Feiock*, 485 U.S. 624, 632–34, 108 S.Ct. 1423, 1429–32, 99 L.Ed.2d 721, 732–33 (1988). Numerous cases support the authority of bankruptcy courts to suspend or disbar an attorney as a sanction for contempt. *See D.H. Overmyer Co., Inc. v. Robson*, 750 F.2d 31, 33 (6th Cir.1984) (attorney admitted *pro hoc vice* suspended for failing to comply with court rule regarding

**468**

disclosure of conflicts); *In re Pearson,* 108 B.R. 804 (Bankr.S.D.Fla.1989) (attorney suspended pending completion of continuing legal education program for failing to file a memorandum requested by court); *In re Heard,* 106 B.R. 481, 484 (Bankr.N.D. Ohio 1989) (attorney suspended for one year for making a series of bad faith filings on his own behalf); *In re Nesom,* 76 B.R. 101, 102 (Bankr.N.D.Tex.1987) (attorney suspended from practice for 60 days for forging debtor's signature on schedules); *In re Derryberry,* 72 B.R. 874, 876–86 (Bankr.N.D.Ohio 1987) (Lawyer previously convicted of embezzlement of funds and perjury in connection with administration of bankruptcy court estates was disbarred); *In re Printree, Ltd.,* 40 B.R. 131, 133 (Bankr.S.D.N.Y.1984) (attorney could be disbarred for submitting a bad check) (dictum); and *In re Lowe,* 18 B.R. 26 (Bankr.N.D.Ga.1982); and 18 B.R. 20 (Bankr.N.D.Ga.1981) (Lawyer temporarily suspended and then disbarred from practice for developing office procedures in which a non-lawyer was delegated full responsibilities to handle his bankruptcy cases).

The order of the Bankruptcy Court will be affirmed.