### In re AFFAIRS WITH A FLAIR, INC., Debtor.

### Bankruptcy No. 81–01256S.

United States Bankruptcy Court, E.D. Pennsylvania.

June 28, 1990.

Vito F. Canuso, Jr., Andrew Jackson, Wertheimer & Feldman, Philadelphia, Pa., for trustee.

George T. Kenney, Philadelphia, Pa., Trustee.

David C. Harrison, Philadelphia, Pa., for debtor.

James J. O'Connell, Philadelphia, Pa., U.S. Trustee.

## ORDER IMPOSING SANCTIONS

DAVID A. SCHOLL, Bankruptcy Judge.

AND NOW, this 28th day of June, 1990, upon observing that Vito F. Canuso, Jr., Esquire ("Canuso") failed to appear at the hearing of June 26, 1990, continued by Canuso's agreement to that date from May 31, 1990, to determine what defenses, if any, Canuso has to the charge of contempt of this court, which appears to be both civil and criminal, for failing to comply with paragraph 3 of our Order of March 15, 1990, scheduled pursuant to Bankruptcy Rule 9020(b) and (c), we state the essential facts as follows:

1. This case was commenced under Chapter 11 of the Bankruptcy Code on April 6, 1981.

2. On November 12, 1981, George T. Kenney, Esquire, ("Kenney"), was appointed Chapter 11 Trustee. On November 27, 1981, Canuso was appointed as his counsel.

3. On July 18, 1984, this case was converted to a case under Chapter 7 of the Bankruptcy Code. Kenney remained as the Chapter 7 Trustee and Canuso remained as his counsel.

4. When this court was appointed to the bench on August 27, 1986, this case was among several cases in which Canuso was appointed as counsel for Trustee the administration of which had been neglected by the Trustee's counsel for an extended period of time. In this case, for example, a meeting of creditors was not conducted until after we roused Canuso to do so on January 14, 1987.

5. On May 20, 1987, this court approved a settlement of an action by the Trustee against Leonard Green and Marilyn Green ("the Greens"), whereby the Greens were to pay the Trustee $5,000 through their own pending Chapter 13 case's plan of reorganization. On May 26, 1987, we directed Canuso to file an Order for Distribution of the estate proceeds on or before June 25, 1987, and to submit a zero balance bank statement and copies of the cancelled checks (hereinafter referred to as "filing the checks") on or before September 25, 1987.

6. Having received no filings nor explanations from Canuso through that date, we entered an Order of November 18, 1987, scheduling a hearing on December 15, 1987, to determine what sanctions should be imposed upon Canuso. As a result of that hearing, we learned that no distribution had occurred in the Greens' bankruptcy case. We thereupon entered an Order of December 15, 1987, directing that the Order for Distribution in this case be filed within 15 days after the distribution in the Greens' case.

7. On January 7, 1988, we confirmed the Chapter 13 Plan in the Greens' bankruptcy case. However, the Greens' confir-

mation order was ultimately stayed by the district court upon an appeal by the Internal Revenue Service ("IRS") from an order granting an objection to its late-filed proof of claim; the IRS's appeal was successful; and the Greens' case was ultimately dismissed after we upheld the IRS's claim on its merits. *See In re Green,* 89 B.R. 466 (Bankr.E.D.Pa.1988).

8. Again having received no filings nor communications from Canuso as of that date, we scheduled a status hearing of the case on January 19, 1989. After that hearing, we entered an order of January 19, 1989, directing Canuso to advise us whether or not he intended to pursue the Greens to recover the $5,000 settlement sum from them on or before February 21, 1989, and, if not, to prepare an Order for Distribution on or before March 20, 1989, and to accomplish filing the checks by May 22, 1989.

9. Despite our suggestion that same was probably futile, Canuso proceeded to file a motion to attempt to enforce the agreement that the Greens pay the $5,000 settlement sums to the Debtor's estate.

10. On September 7, 1989, after a status hearing scheduled when we again went through a period of no filings or action by Canuso, we entered judgment in favor of Kenney against the Greens, but directed Canuso to determine whether the judgment was collectible by the date of a further status hearing scheduled on January 17, 1990.

11. On January 17, 1990, Canuso, by an associate, Andrew Jackson, Esquire, advised us that a writ of execution had been filed against the Greens, but only the day before the hearing. Dismayed by Canuso's failure to pursue the apparently-futile efforts to collect upon the judgment against the Greens until the day before the hearing, we entered an Order of January 19, 1990, directing Canuso to make all reasonable efforts to collect on the judgment against the Greens, but, in any event, to prepare an Order for Distribution by the date of a next-scheduled status hearing on March 14, 1990, and to accomplish filing the checks by May 1, 1990.

12. At the status hearing on March 14, 1990, counsel for the Debtor, David C. Harrison, Esquire ("Harrison"), appeared and advised that he desired to file a fee application prior to distribution of the proceeds of the Debtor's estate. We therefore entered an Order of March 15, 1990, setting April 13, 1990, as the bar date for Harrison's filing any fee Application; scheduling a hearing on any Objections to any such Application on April 18, 1990; requiring Canuso to file an Order for Distribution on May 1, 1990; requiring Canuso to accomplish filing the checks on or before July 1, 1990; *and* stating that failure to comply strictly with this Order in any respect would result in monetary sanctions against Canuso of $25 for each day that his failure to comply with the deadline in the Order of March 15, 1990, persisted.

13. Harrison chose not to file any fee application. Canuso nevertheless made no filing of a proposed Order for Distribution, nor provided any explanation for his not doing so, by May 1, 1990.

14. On May 14, 1990, still having received no Order for Distribution or any communications from Canuso, we entered an Order scheduling a hearing on May 31, 1990, to determine what defenses, if any, Canuso had to his apparent contempt of our Order of March 15, 1990, and to determine whether penalties other than the $25 daily sanction should be imposed.

15. On May 31, 1990, our hearing list was conducted by the Honorable Judith H. Wizmur in our absence. Canuso appeared and informed Judge Wizmur that he had filed the Order for Distribution that day, and claimed that he had delayed in doing so because he was obliged to abandon his judgment against the Greens before filing the Order for Distribution. A motion to abandon this judgment was filed on May 17, 1990, and listed for a hearing on June 26, 1990. Judge Wizmur therefore continued the hearing to determine what defenses Canuso had to the contempt charges until June 26, 1990.

16. The Order for Final Distribution was approved by the court on June 8, 1990. Without explanation, Canuso failed to ap-

pear at the hearing scheduled on June 26, 1990.

17. Although we are prepared to grant the relief requested therein, we find that the filing and granting of the motion for abandonment was not necessary prior to preparation of the Order for Distribution, if at all. For this reason, we entered the Order for Distribution well prior to the hearing on the motion for abandonment. We therefore conclude that the motion to abandon the Trustee's claim against the Trustee was filed only to futilely attempt to provide some justification for Canuso's failure to comply with our Order of March 15, 1990.

18. Canuso's failure to comply with our Order of March 15, 1990, was inexcusable, especially in light of his almost incredibly dilatory administration of this case for over 8 1/2 years. Aggravating this conduct is the failure of Canuso to heed a long trail of warnings and his unexplained failure to appear at the hearing on June 26, 1990.

19. There is no reason not to impose the monetary sanction recited as forthcoming in the event of Canuso's resulting non-compliance with our Order of March 15, 1990, *i.e.*, $25 for each of the 30 days that Canuso delayed in filing the Order for Distribution, or a total of $750.

20. If this Order, if it becomes as final, is not complied with, and if Canuso fails to comply with our accompanying Order of this date which, *inter alia*, requires his filing the checks on or before August 1, 1990, further sanctions, including suspension from practice in this court, will be imposed. *See In re Assaf,* 119 B.R. 465 (E.D.Pa.1990) (bankruptcy court has power to suspend counsel from practice who fails to comply with its orders).

Accordingly, we hereby direct the Deputy in Charge of Bankruptcy Operations of this court ("the Deputy") to forthwith enter of record and serve upon the interested parties named hereinafter, the following Order, which shall become effective within ten (10) days, unless, prior to that date and time, in accordance with Bankruptcy Rule 9020(c), an interested party hereto serves and files with the Deputy objections pre-

pared in the manner provided in Bankruptcy Rule 9033(b):

Vito F. Canuso, Jr., Esquire, is directed to pay the sum of Seven Hundred and Fifty ($750.00) Dollars to the Deputy on or before July 30, 1990.