## In re AFFAIRS WITH A FLAIR, INC.

### No. 90–0469.

United States District Court,
E.D. Pennsylvania.

Jan. 7, 1991.

As Amended Jan. 30, 1991.

David C. Harrison, Philadelphia, Pa., for debtor.

Vito F. Canuso, Philadelphia, Pa., for trustee.

James J. O'Connell, pro se.

## MEMORANDUM AND ORDER

HUTTON, District Judge.

Now before the Court are Objections to the Bankruptcy Court's Findings and/or Conclusions which impose sanctions on the attorney for the trustee in the above captioned matter (the "Attorney"). These Objections have been filed pursuant to Rule 9033(b) of the Bankruptcy Rules. For the reasons stated below, this Court will affirm the Bankruptcy Court's ruling.

## FACTUAL BACKGROUND

The present action arises from an Order Imposing Sanctions issued by the Bankruptcy Court on June 28, 1990. 123 B.R. 721 The sanctions were issued following the Attorney's alleged failure to timely comply with an Order of March 15, 1990 directing him to file a proposed Order for

Distribution by May 1, 1990. The March 15, 1990 Order advised the Attorney that failure to comply would result in sanctions in the amount of $25 for each day of non-compliance. Nevertheless, the attorney failed to comply with the March 15, 1990 Order and a hearing was held on May 31, 1990.

The Honorable Judith H. Wizmur presided over that hearing. The Attorney informed Judge Wizmur that he had filed the proposed Order for Distribution that day. Judge Wizmur continued the hearing until June 26, 1990 to determine what defense the Attorney had to the imposition of sanctions. The Attorney failed to appear at the continued hearing.

The Bankruptcy Court thereafter issued an Order imposing sanctions in the amount of $750, a sum which represents $25 for each day of delay in filing the Order for Distribution. The Attorney filed Objections to the Bankruptcy Court's Order imposing sanctions contending that his noncompliance was occasioned by factors beyond his control. This Court directed the Attorney to submit transcripts of the hearing held before Judge Wizmur, and granted leave to submit a memorandum in support of his position. By letter dated November 29, 1990 the Attorney informed this Court of his decision not to submit such memorandum.

## DISCUSSION

The procedure for initiating the instant contempt sanctions was that found in Rule 9020 [1] of the Bankruptcy Rules. This rule

---

**1.** Rule 9020. **Criminal Contempt Proceedings**
(a) *Contempt committed in presence of bankruptcy judge*
  Contempt committed in the presence of a bankruptcy judge may be determined summarily by a bankruptcy judge. The order of contempt shall recite the facts and shall be signed by the bankruptcy judge and entered of record.
(b) *Other contempt*
  Contempt committed in a case or proceeding pending before a bankruptcy judge, except when determined as provided in subdivision (a) of this rule, may be determined by the bankruptcy judge only after a hearing on notice. The notice shall be in writing, shall state the essential facts constitution the contempt

charged and describe the contempt as criminal or civil and shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense. The notice may be given on the court's own initiative or on application of the United States attorney or by an attorney appointed by the court for that purpose. If the contempt charged involves disrespect to or criticism of a bankruptcy judge, that judge is disqualified from presiding at the hearing except with the consent of the person charged.
(c) *Service and effective date of order; review*
  The clerk shall serve forthwith a copy of the order of contempt on the entity named therein. The order shall be effective 10 days after service

is intended for criminal contempt, but the procedure followed by the Bankruptcy Court is not dispositive in determining the nature of the contempt. *In re Wright*, 75 B.R. 414 (M.D.Fla.1987). The distinction between criminal and civil contempt is essential since the constitutional authority of the court in issuing contempt sanctions varies according to the nature of the contempt order. *Id. See also, Matter of Hipp, Inc.*, 895 F.2d 1503 (5th Cir.1990); and *U.S. v. Revie*, 834 F.2d 1198 (5th Cir.1987) (both cases holding that a Bankruptcy Court lacks constitutional authority to impose criminal sanctions).

The Supreme Court has found that the relevant inquiry in determining the nature of contempt lies in the purpose that the issuing court had in imposing the contempt order. "What does a court primarily seek to accomplish by imposing sentence?" *Shillitani v. United States*, 384 U.S. 364, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966). Generally, "[i]f the penalty is to compensate an injured party or to coerce the contemnor into compliance, then the contempt is civil; if the penalty is imposed to punish in order to vindicate the court's power, then the contempt is criminal." *In re Clark*, 91 B.R. 324, 337 (Bkrtcy E.D.Pa.1988) (citing *inter alia* the following Supreme Court cases *Hicks v. Feiock*, 485 U.S. 624, 108 S.Ct. 1423, 1430–31, 99 L.Ed.2d 721 (1988); *Shillitani*, 384 U.S. at 370–71, 86 S.Ct. at 1535–36; *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 31 S.Ct. 492, 55 L.Ed. 797 (1911); and other citations omitted).

In the Third Circuit, the distinction between civil and criminal contempt in the Bankruptcy Court context was refined in *Latrobe Steel Co. v. United Steelworkers of America*, 545 F.2d 1336 (3d Cir.1976). The court in *Latrobe* explained:

> The purpose of criminal contempt is to vindicate the authority of the court. Criminal contempt seeks to punish past

acts of disobedience and be maintained only with the [district] court's approval. Its proceedings are separate from the actions which spawned them. If a criminal contempt action develops from a civil proceeding, it bears a separate caption apart from the civil suit. And the penalties arising out of adjudications of criminal contempt are generally an absolute fine of a specific amount or a determinate period of confinement.

> \*    \*    \*    \*    \*    \*

> [C]ivil contempt itself may be divisible into two sub-categories which benefit the aggrieved party in distinctive ways. Remedial or compensatory actions are essentially backward looking, seeking to compensate the complaint through the payment of money for damages caused by past acts of disobedience. Coercive sanctions, in contrast, look to the future and are designed to aid the plaintiff by bringing a defiant party into compliance with the court order or by assuring that a potentially contumacious party adheres to an injunction by setting forth in advance the penalties the court will impose if the party deviates from the path of obedience.

545 F.2d at 1343–44 (citations omitted).

Applying this analysis to the present case, this Court finds that the Bankruptcy Court's contempt order is civil ° in nature. In its conclusions of law the Bankruptcy Court reaches the following ratiocinations:

18. [The Attorney's] failure to comply with our Order of March 15, 1990, was inexcusable, especially in light of his almost incredibly dilatory administration of this case for over 8½ years. Aggravating this conduct is the failure of [the Attorney] to heed a long trail of warnings and his unexplained failure to appear at the hearing on June 26, 1990.

---

of the order and shall have the same force and effect as an order of contempt entered by the district court unless, within the 10 day period, the entity named therein serves and files with the clerk objections prepared in the manner provided in Rule 9033(b). If timely objections are filed, the order shall e reviewed as provided in Rule 9033.

(d) *Right to a jury trial*

Nothing in this rule shall be construed to impair the right to jury trial whenever it otherwise exists.

19. There is no reason not to impose the monetary sanction recited as forthcoming in the event of [the Attorney's] resulting non-compliance with our Order of March 15, 1990, *i.e.*, $25 for each of the 30 days that [the attorney] delayed in filing the Order for Distribution, or a total of $750.

20. If this Order, if it becomes as final (sic), is not complied with, and if [the Attorney] fails to comply with our accompanying Order of this date which, *inter alia*, requires his filing the checks on or before August 1, 1990, further sanctions, including suspension from practice in this court, will be imposed *See In re Assaf,* 119 B.R. 465 (E.D.Pa.1990) (bankruptcy court has power to suspend counsel from practice who fails to comply with its orders).

These three statements clearly delineate the rationale and substance of the Bankruptcy Court's contempt order. The first of these deductions (point 18) may, at first glance, appear to imply that the contempt sanctions are aimed at vindicating the court's authority. If that were the case, then the sanctions would be punitive and the contempt would be criminal in nature. The second and third conclusions (points 19 and 20), however, extend and clarify the court's purposes for the contempt order revealing its true civil nature. The second conclusion clearly states that the contempt fine represents an amount accrued due to the Attorney's non-compliance with the Bankruptcy Court's March 15, 1990 Order. The court clearly articulates that the basis for the sanctions is "$25 for each of the 30 days that [the Attorney] delayed in filing the Order for Distribution." Thus, the contempt sanction represents the cumulative effect of the court's attempt to coerce the Attorney to comply with its March 15, 1990 Order.

The third of these conclusions (point 20) illustrates the court's attempt to further enhance the coercive effect of the sanctions. In that portion of the order, the coercive intent of the Bankruptcy Court is explicit. Since a contempt penalty intended to coerce the contemnor to compliance with a court's order is civil in nature, and since the sanctions in the present case were derived purely from such coercive measures, the contempt order of the Bankruptcy Court is civil in nature.

Having determined the civil nature of the contempt sanctions in the present action, this Court turns to the appropriate standard of review by a district court of a Bankruptcy Court's civil contempt order. The instant case is brought pursuant to Bankruptcy Rule 9033 for review of the Bankruptcy Court's proposed findings of fact and conclusions of law in a non-core proceeding. Rule 9033(d) provides:

The district judge shall make a de novo review upon the record or, after additional evidence, of any portion of the bankruptcy judge's findings of fact or conclusions of law to which specific written objection has been made in accordance with this rule.

Bankrtcy.R. 9033(d).

■ In this case the record must initially evince a *prima facie* case for civil contempt. "It must be shown that there exists an enforceable order that is clear and specific which unambiguously commands such party to perform or refrain from preforming in accordance with the order." *In re Kean,* 110 B.R. 477 (S.D.Cal.1990) (*citing International Longshoremen's Assoc. Local 1291 v. Philadelphia Marine Trade Assoc.,* 389 U.S. 64, 88 S.Ct. 201, 19 L.Ed.2d 236 (1967). A *prima facie* case for civil contempt must be established by clear and convincing evidence. *Vertex Distributing, Inc. v. Falcon Foam Plastics, Inc.,* 689 F.2d 885, 984 (9th Cir.1982).

■ A *prima facie* case shifts the burden of production to the alleged contemnor, "who must then come forward with evidence to show a present inability" to comply with the court's order. *Combs v. Ryan's Coal Co., Inc.,* 785 F.2d 970, 984 (11th Cir.1986). This burden has been strictly construed:

Even if the efforts [the attorney] did make were "substantial," "diligent" or "in good faith," ... the fact that [the Attorney] did not make "all reasonable efforts" establishes that [the attorney] did not sufficiently rebut the ... *prima facie* showing of contempt.

*Id.* (citing *Hodgson v. Hotard,* 436 F.2d 1110, 1115 (5th Cir.1971).

Under this burden, the Bankruptcy Court was clearly correct in applying sanctions to the Attorney. There is ample evidence to support the court's determination of a *prima facie* case for civil contempt. In the Bankruptcy Court's Order of March 15, 1990 Order the Attorney was advised that failure to comply would result in sanctions in the amount of $25 for each day of non-compliance. Nevertheless, the attorney failed to comply with the March 15, 1990 Order. Here, the March 15 Order was an enforceable order clearly commanding the Attorney to perform in accordance with its terms. Thus, a *prima facie* case for civil contempt existed.

The Attorney failed to rebut the *prima facie* case. At the hearing held by Judge Judith Wizmur on May 31, 1990, the Attorney informed the judge that he had filed the Order for Distribution that day. Judge Wizmur continued the hearing until June 26, 1990 to determine what defense the Attorney had to the imposition of sanctions. The Attorney failed to appear at the continued hearing on June 26, 1990.

The Attorney now contends that an outstanding claim precluded a final calculation necessary for the drafting of a proposed Order of Distribution. This contention fails to rebut the *prima facie* case. The standard for rebuttal requires more than showing that the efforts made by the attorney were substantial, diligent or in good faith. *In re Clark, supra*, 91 B.R. at 337. The Attorney must make "all reasonable efforts" in order to sufficiently rebut the *prima facie* showing of contempt. *Id.* Here, the Attorney failed to submit the proposed Order of Distribution in a partially complete form pending the resolution of the outstanding claim, or to communicate his difficulties with the court. These steps would be consistent with reasonable efforts in attempting to comply with the court's order. Having failed to pursue these options, the Attorney failed to avoid civil contempt. Accordingly, the Bankruptcy Court's ruling will be affirmed.