**In re POCONO TRUCK WASH, INC., Debtor.**

**Bankruptcy No. 5–95–01669.**

United States Bankruptcy Court, M.D. Pennsylvania.

Dec. 16, 1996.

**OPINION AND ORDER** [1]

JOHN J. THOMAS, Bankruptcy Judge.

In the matter of Pocono Truck Wash, Inc., the chapter 7 Trustee has moved for sanctions and an order of contempt against Darryl Shapiro, Esquire, counsel for the Debtor.

William G. Schwab, Esquire, was duly appointed as the chapter 7 Trustee in this matter. Several § 341 meetings were scheduled at the Jury Assembly Room, Monroe County Courthouse in Stroudsburg, Pennsylvania, on December 19, 1995; January 10, 1996; February 13, 1996; March 13, 1996; April 17, 1996; and May 15, 1996. Attorney Shapiro failed to attend the scheduled meetings and gave no notice or explanation of his non-attendance. On April 23, 1996, the court ordered Attorney Shapiro to appear at another § 341 meeting but he failed to comply with the Order by not attending the § 341 meeting.

The Trustee moved for sanctions, including attorney fees, to compensate for the time spent on the matter and requested that Attorney Shapiro be barred from practicing in this court. Hearing was held on this matter on July 2, 1996.

Pursuant to 11 U.S.C. § 105 and case law, the bankruptcy court has the power to issue civil contempt. *In re Assaf,* 119 B.R. 465 (E.D.Pa.1990) *citing In re Stephen W. Grosse, P.C.,* 84 B.R. 377, 387 (Bankr.E.D.Pa. 1988), *aff'd,* 96 B.R. 29, 32 (E.D.Pa.1989) *aff'd mem. sub nom. Dubin v. Jakobowski,* 879 F.2d 856 (3rd Cir.1989), *cert. denied,* 493 U.S. 976, 110 S.Ct. 501, 107 L.Ed.2d 504 (1989). It also has the inherent power to discipline attorneys who appear before it. *Fellheimer, Eichen & Braverman, P.C. v. Charter Technologies, Incorporated,* 57 F.3d 1215, 1224 (3rd Cir.1995).

The wherefore clause of the Trustee's motion requests that William G. Schwab, Trustee, be paid his reasonable attorney's fees for bringing the instant motion and all his activities prior to the prosecution thereof in the approximate amount of One Thousand Dollars ($1,000.00). Also, he requests reimbursement to Arthur Zulick, Esquire, in the

William G. Schwab, Trustee in Bankruptcy, Lehighton, PA.

Darryl Shapiro, Newtown, PA, for Debtor.

John R.K. Solt, Allentown, PA, for Debtor.

Arthur Zulick, Stroudsburg, PA, Party-in-Interest.

1. Drafted with the assistance of Richard P. Rogers, Law Clerk

amount of Six Hundred Dollars ($600.00) presumably in his capacity as a representative of a creditor in this case. The court will impose fees against counsel for the Debtor, Darryl Shapiro, Esquire, but only after permitting Attorney Shapiro time and opportunity to respond to the reasonableness of the fees requested. Therefore, both William G. Schwab, Esquire, and Arthur Zulick, Esquire, are directed to file an itemization of the fees incurred in either the presentation of this matter or their attendance at § 341 meetings in which Attorney Shapiro did not appear on behalf of the Debtor within twenty (20) days of the date of this Order and to contemporaneously serve that request for fees on Attorney Shapiro. Attorney Shapiro has thirty (30) days from the date of this Order to file his response, if any, to the request for fees by both Attorney Schwab and Attorney Zulick.

Attorney Schwab has also requested that this court certify this proceeding to the United States District Court for the Middle District of Pennsylvania for imposition of sanctions.

Sanctioning a lawyer from practicing before a court is not something that is foreign to bankruptcy courts. In the *In re Assaf* case, *supra.*, the sanction was a suspension until such time as the respondent paid a mortgagee money for legal services by the debtor. That court found that the contempt in that matter was civil rather than criminal because it was being used to coerce a respondent into compliance with a court order rather than to punish him. The *Assaf* court cited what it termed "numerous" cases supporting authority of bankruptcy courts to suspend or disbar an attorney. *Citing D.H. Overmyer Co., Inc. v. Robson,* 750 F.2d 31, 33 (6th Cir.1984), *In re Pearson,* 108 B.R. 804 (Bankr.S.D.Fla.1989), *In re Heard,* 106 B.R. 481, 484 (Bankr.N.D.Ohio 1989), *In re Nesom,* 76 B.R. 101, 102 (Bankr.N.D.Tex.1987), *In re Derryberry,* 72 B.R. 874, 876–86 (Bankr.N.D.Ohio 1987), *In re Printree, Ltd.,* 40 B.R. 131, 133 (Bankr.S.D.N.Y.1984), *In re Lowe,* 18 B.R. 26 (Bankr.N.D.Ga.1982) and 18 B.R. 20 (Bankr.N.D.Ga.1981).

Additional support for this court's authority to prevent a lawyer from practicing before it on certain conditions is found in the Supreme Court case of *Hicks v. Feiock,* 485 U.S. 624, 108 S.Ct. 1423, 99 L.Ed.2d 721 (1988). When describing how one determines whether certain relief imposed upon a respondent is criminal or civil, the Supreme Court wrote at page 631 and 632, 108 S.Ct. at page 1429 and 1429–30 the following:

[T]he critical features are the substance of the proceeding and the character of the relief that the proceeding will afford. "If it is for civil contempt the punishment is remedial, and for the benefit of the complainant. But if it is for criminal contempt the sentence is punitive, to vindicate the authority of the court." *Gompers v. Bucks Stove & Range Co.,* 221 U.S. 418, 441, 31 S.Ct. 492, 498, 55 L.Ed. 797 (1911). The character of the relief imposed is thus ascertainable by applying a few straightforward rules. If the relief provided is a sentence of imprisonment, it is remedial if "the defendant stands committed unless and until he performs the affirmative act required by the court's order," and is punitive if "the sentence is limited to imprisonment for a definite period." *Id.,* at 442, 31 S.Ct. at 498. If the relief provided is a fine, it is remedial when it is paid to the complainant, and punitive when it is paid to the court, though a fine that would be payable to the court is also remedial when the defendant can avoid paying the fine simply by performing the affirmative act required by the court's order. These distinctions lead up to the fundamental proposition that criminal penalties may not be imposed on someone who has not been afforded the protections that the Constitution requires of such criminal proceedings, including the requirement that the offense be proved beyond a reasonable doubt. *See, e.g., Gompers, supra,* at 444, 31 S.Ct., at 499; *Michaelson v. United States ex rel. Chicago, St P., M. & O.R. Co.,* 266 U.S. 42, 66, 45 S.Ct. 18, 20, 69 L.Ed. 162 (1924). *Hicks v. Feiock, supra,* at p. 631, 632, 108 S.Ct. at p. 1429, 1429–30.

The Supreme Court went on to give various examples as to when imprisonment and/or fines were actually characterized as civil as opposed to criminal. When the key

to the prison cell is in the pocket of the respondent, the relief requested is civil in nature. That is the case here. At the time of the final award of fees in this case, the court will order that the attorney for the Debtor be prohibited from further bankruptcy filings in this division of the Bankruptcy Court for the Middle District of Pennsylvania until such time as he pays those fees.

Since the court deems this Order dispositive of the trustee's motion, I decline to impose any additional sanctions against Attorney Shapiro.