In re A.H. ROBINS COMPANY, INC.,
Debtor, Employer Tax Identification
No. 54–0486348.

No. 85–01307–R.

United States District Court,
E.D. Virginia,
Richmond Division.

June 23, 1992.

Patricia Jo Stone, Lakewood, Colorado, for Jane B. Finkel.

Orran Lee Brown, Richmond, Virginia (Michael W. Smith, Christian, Barton, Epps, Brent & Chappell, on the briefs), for Dalkon Shield Claimants Trust.

### MEMORANDUM

MERHIGE, District Judge, and BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter comes before the Court on Claimant Finkel's Motion to Disqualify counsel for the Dalkon Shield Trust (hereinafter the "Trust") in a Dalkon Shield Arbitration proceeding and a related Motion for Sanctions filed by the Trust against Claimant Finkel's attorney, Ms. Pat Stone. A hearing was held January 7, 1992. On June 3, 1992, an identical Motion to Disqualify was filed by Ms. Stone in behalf of other claimants which comes within the reasoning and ruling of this Memorandum and its attendant Order.

The Court ruled from the bench that Claimant Finkel's Motion to Disqualify was denied to the extent it rested on assertions of conflict of interest. However, the Court took under advisement the Motion to Disqualify based on Claimant Finkel's textual argument arising from § 2.04(iii) of the Claimants Trust Agreement (hereinafter the "CTR"), an agreement memorialized in the March 28, 1988, Sixth Amended and Restated Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code governing the Robins

Reorganization. Claimant Finkel argued that the section barred the Trust from retaining Mr. Charles Socha as counsel because he had represented Robins in litigation preceding the reorganization.

Similarly, the Court ruled on one aspect of the Trust's Motion for Sanctions and took under advisement the second aspect. As to the Trust's assertion that Ms. Stone should be sanctioned for her Motion to Disqualify argument arising from the text of the CTR, the Court ruled that sanctions were not appropriate. However, as to the Trust's assertion that Ms. Stone should be sanctioned for allegations of professional misconduct against Mr. Socha, the Court reserved judgment.

The two issues taken under advisement are now addressed.

*Section 2.04 of the Claimants Trust Agreement:*

■ Pursuant to Section 8.05 of the Plan, this Court has exclusive jurisdiction to interpret the meaning of its provisions. Considering both the totality of the CTR and § 2.04 in isolation, the Court does not accept Claimant Finkel's construction of § 2.04. The interpretation she offers fits neither the overarching purpose of the Trust as contemplated in the CTR itself nor § 2.04 taken as a whole.

The CTR states that one of the purposes of the Trust is "to assume any and all liabilities of Robins, its successors in interest (including the Successor Corporation) and any of their Affiliates, present or future, for, and to satisfy as fully, fairly and expeditiously as practicable, all Dalkon Shield Personal Injury Claims and Dalkon Shield Liquidated Claims of Personal Injury Claimants ..."

To assume liability involves more than being the party with ultimate financial responsibility for the satisfaction of claims or judgments. Commonsense indicates that it also entails sustaining the myriad of burdens associated with litigation and claims resolution. It is these secondary yet significant burdens that are the obvious aim of 2.04(iii) which guarantees that the Trustees will "otherwise use their best efforts to minimize the need for Robins, its present or former officers, directors, employees, agents or representatives to appear in any trial or arbitration proceeding." The presence of the word "need" is consistent with this Court's conclusion that the section pertains to minimizing the burdens on former Robins personnel, not limiting the rights of the Trust to select counsel.

In addition to the express purpose of the CTR, § 2.04 as a whole contradicts the meaning Ms. Finkel extracts from it. The section's twin concerns are the efficient transfer of assets, documents and depositions from Robins to the Trust *and* the Trust's assurance that it will use its best efforts to rely exclusively in arbitration and litigation on the material so transferred.

■ In conclusion, the Court is satisfied that § 2.04 was in no way intended to trammel upon the Trust's ability to retain counsel of its choosing. Election of counsel is a serious interest that should not be hampered without sound justification. *See In re Asbestos Cases,* 514 F.Supp. 914, 925 (E.D.Va. 1981). There is no language in § 2.04 which facially surrenders this interest. At best, there is an arguable reference to lawyers via the words "representatives" and "agents." Indeed, it is well-settled that lawyers act in a representative capacity for their clients. The mere fact that lawyers act in a representative capacity, however, falls far short of demonstrating that the language at hand was crafted to limit the Trust's power to hire counsel from an undiminished pool of available lawyers. In view of the absence of any express allusion to the hiring of counsel, applying Ms. Finkel's interpretation would be a dangerous invasion into an important and universally-recognized prerogative.

*Motion for Sanctions*

■ With regard to the issue of sanctions, this Court finds that, under Rule 11 of the Federal Rules of Civil Procedure, Ms. Stone is subject to sanctions for the submission of a claim not supported by even a scintilla of evidence.

In documents submitted to this Court, Ms. Stone accused Mr. Socha and his firm of making abusive telephone calls, representing the Trust without the aid of independent professional judgment, engaging in false-

hoods and coercing the Trust into abandoning its fiduciary duty to the claimants. Shockingly, none of these allegations was fortified by evidence of any kind. The Court takes pains to clarify that Ms. Stone is not subject to sanctions for the assertions she made in connection to the CTR language or conflict of interest.

These persistent allegations that Mr. Socha behaved unprofessionally are grave and entirely without legal or factual justification. Such behavior can not be condoned by this Court.

Accordingly, the Trust is instructed to submit an application for all necessary and reasonable legal costs incurred in response to Ms. Stone's unsubstantiated aspersions against Mr. Socha and his firm.

An appropriate Order shall issue.

### ORDER

For the reasons stated in the Accompanying Memorandum and deeming it just and proper so to do, it is ADJUDGED and ORDERED that Claimant Finkel's Motion to Disqualify Counsel and like Motion by the Morrison Claimants are hereby DENIED and that the Dalkon Shield Trust's Motion for Sanctions arising from allegations of unprofessional conduct is hereby GRANTED. It is further ORDERED that the stay imposed in the Finkel matter is hereby LIFTED.

The Trust is instructed to submit an application for reasonable expenses incurred in the course of this matter.