### In re COMPUTER DYNAMICS, INC., Debtor.

### In the Matter of Stephen Gary Merrill, Appellant.

### CIV.A. No. 2:00CV556.

United States District Court,
E.D. Virginia,
Norfolk Division.

Oct. 13, 2000.

---

Stephen Gary Merrill, Ghent Law Offices, Norfolk, VA, for Appellant.

Debera F. Conlon, Office of U.S. Trustee, Norfolk, VA, U.S. Trustee.

## OPINION AND FINAL ORDER

SMITH, District Judge.

Appellant brings this appeal before the district court, pursuant to 28 U.S.C. §. 158, as further codified by Bankruptcy Rule 8001 *et seq.*, seeking to vacate the order of the bankruptcy court, imposing dismissal from the bankruptcy bar, and to remand the case for further judicial proceedings before a different judicial officer. For the reasons stated below, the bankruptcy court's order is **AFFIRMED.**

### I. Factual and Procedural History

On June 16, 1995, the debtor, Computer Dynamics, Inc., filed a voluntary petition for bankruptcy under Chapter 11 in the United States Bankruptcy Court for the Eastern District of Virginia, in response to the involuntary Chapter 11 petition filed by Tweed's Locksmiths, Inc.; First Hospital Corporation of Portsmouth; and Auto Fidelity Communications Corp. d/b/a The Whitlock Group on May 5, 1995, requesting that the involuntary petition be dismissed. By an agreement reached among the petitioning parties, the matter proceeded as a voluntary Chapter 11 case, and an order was entered to this effect on September 12, 1995.

On November 22, 1995, a Motion to Appoint a Trustee [hereinafter referred to as the "Trustee Motion"] was filed by appellant on behalf of the moving creditors. Robert L. Starer, as the designated representative of the debtor, intervened in the Trustee Motion without opposition on November 29, 1995. The bankruptcy court granted a motion to strike certain of the allegations at a preliminary hearing held on January 24, 1996. Thereafter, the moving creditors filed an Amended Motion to Appoint a Trustee [hereinafter referred to as the "Amended Trustee Motion"]. The parties conducted an inordinate amount of discovery, and the trial of the issues raised in the Amended Trustee Motion was conducted over a period of seven days, concluding on March 8, 1996, at which time the bankruptcy court denied the Amended Trustee Motion.

On April 18, 1996, Starer and the debtor filed a joint motion for sanctions against appellant and the moving creditors, pursuant to Federal Rule of Bankruptcy Procedure 9011. Thereafter, on March 24, 1997, the bankruptcy court entered an order dismissing the bankruptcy case, but noting that dismissal would not deprive the court of jurisdiction to hear remaining issues on pending requests for sanctions. On June 17, 1997, the bankruptcy court entered an order imposing sanctions on appellant in the amount of $15,000.00, pursuant to Federal Rule of Bankruptcy Procedure 9011, to be divided evenly between Starer and the debtor, as well as $5,000.00 to be paid to the court.[1] Furthermore, the bankruptcy court granted appellant a six-month period from the date of its order in which to pay the sanctions imposed. On July 10, 1997, appellant appealed the bankruptcy court's imposition of sanctions, which were subsequently affirmed by this court on April 28, 1998. No further appeal followed, and appellant did not pay the sanctions.

On May 2, 2000, Bankruptcy Judge David H. Adams entered an order to show cause why appellant should not be prevented from practicing before the Bankruptcy Court of the Eastern District of Virginia, until he had paid in full and satisfied the sanction imposed by the bankruptcy court on June 17, 1997, and a hearing on this matter was set for June 6, 2000. Prior to the hearing, on June 5, 2000, appellant filed a motion for Judge Adams to recuse himself,[2] which was also heard on June 6, 2000, and denied by order issued on June 7, 2000.

During the show cause hearing on June 6, 2000, appellant requested that the court permit him to submit a brief discussing whether a party who owns a judgment can release all aspects of it, including a sanction to be paid to the court. *See* Tr. at 3, lines 22-24, *In re Computer Dynamics, Inc.* (Bankr. E.D. Va. June 6, 2000) (No. 95-23127-A). Although Judge Adams assured appellant that only the court could release a judgment that it was owed, *see* Tr. at 3, line 25; 4, lines 1-2, Judge Adams gave appellant two weeks within which to make the requested filing. *See* Tr. at 3, lines 2, 15-20. As evidenced by the docket of these proceedings and appellant's brief in this appeal, appellant never submitted the brief to the bankruptcy court. *See* Brief for Appellant at 5, *In re Computer Dynamics, Inc., Debtor, In the Matter of Stephen Gary Merrill* (E.D. Va. Aug. 16, 2000) (No. 2:00cv556) (stating that appellant waived his right to file a brief as requested during the show cause hearing).

On June 21, 2000, the bankruptcy court, per Judge Adams, entered an order suspending appellant's right to practice law

---

1. The bankruptcy court sanctioned appellant independent of the sanctions sought by Starer and the debtor, premising the additional sanctions it imposed on appellant's violation of the Virginia Code of Professional Conduct, and suggesting that such sanctions may include monetary penalties or suspension of the right

to practice law before the court. *See* Mem. Op. and Order at 24, *In re Computer Dynamics, Inc.* (Bankr. E.D. Va. June 17, 1997) (No. 95-23127-A) (citations omitted).

2. All of the preceding matters in the bankruptcy court were heard by Judge Adams.

before it. Furthermore, effective immediately, the bankruptcy court's order barred appellant from filing any pleadings or papers in the bankruptcy court clerk's office and from making any appearance before any division of the United States Bankruptcy Court for the Eastern District of Virginia, until such time as the $5,000.00 sanction imposed by the court on June 17, 1997, was paid and satisfied in full. On July 7, 2000, appellant filed a notice of appeal of the bankruptcy court's June 21, 2000 order. The bankruptcy record on appeal was received on July 28, 2000, followed by receipt of appellant's brief on August 16, 2000. Appellee did not submit a brief within the time provided by the court. Therefore, this matter is ripe for review.

## II. Analysis of Appeal

■ District courts have jurisdiction to hear appeals from final judgments and orders of the bankruptcy courts. *See* 28 U.S.C. § 158(a). The district court reviews the bankruptcy court's conclusions of law *de novo*, while factual determinations are reviewed under a clearly erroneous standard. *See* Fed. R. Bankr. P. 8013; *Commonwealth of Va. State Educ. Assistance Auth. v. Dillon (In re Dillon)*, 189 B.R. 382, 384 (W.D.Va.1995); *Resolution Trust Corp. v. C. & R.L.C.*, 165 B.R. 593, 595 (W.D.Va.1994); *In re James River Assocs.*, 148 B.R. 790, 794 (E.D.Va.1992) (*quoting In re Morris Communications NC, Inc.*, 914 F.2d 458, 467 (4th Cir.1990)). The district court may only consider that evidence presented to the bankruptcy court and made part of the record. *See Dillon*, 189 B.R. at 384.

### A. Standard for Motion to Recuse

■ A trial judge's denial of a recusal motion is reviewed for abuse of discretion.

*See United States v. Gordon*, 61 F.3d 263, 267 (4th Cir.1995). The statute governing judicial disqualification[3] provides that "any justice, judge, or magistrate ... shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *see In re Beard*, 811 F.2d 818, 827 (4th Cir.1987) (citations omitted) ("The alleged bias ... must result in an opinion on the merits on a basis other than that learned by the judge from his participation in the matter. The nature of the judge's bias must be personal and not judicial."). A disqualification determination is to be analyzed under this objective standard, which seeks "to foster not only actual impartiality but also the appearance of impartiality." *United States v. Carmichael*, 726 F.2d 158, 160 (4th Cir.1984); *see Rice v. McKenzie*, 581 F.2d 1114, 1116 (4th Cir.1978) (reiterating that the intent of § 455(a) is to reduce situations in which the judge is not in fact biased, but an outside observer might nonetheless have a reasonable basis for questioning the judge's objectiveness). Disqualifying bias or partiality must generally arise from events, proceedings, or experiences outside the courtroom. *See Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). Opinions formed based on facts introduced or events occurring during judicial proceedings will only require recusal under limited circumstances. *See id.* (indicating that such opinions only support recusal if "they display a deep-seated favoritism or antagonism that would make fair judgment impossible"); *see also United States v. Parker*, 742 F.2d 127, 128-29 (4th Cir.), *cert. denied*, 469 U.S. 1076, 105 S.Ct. 575, 83 L.Ed.2d 514 (1984) (holding that recusal is unwarranted when premised on a judge's ruling on pretrial motions or presiding over parallel

---

**3.** Title 28 U.S.C. § 144 also pertains to judicial bias and/or prejudice. Under § 144, however, a party must "make[ ] and file[ ] a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice ...", and only then will recusal be required and another judge assigned to hear the proceeding. 28 U.S.C. § 144. The affidavit must be made in good faith. *See id.* Appellant did not file an affidavit stating the facts and reasons for his belief that bias and/or prejudice existed, but instead, he relied upon 28 U.S.C. § 455(a).

proceedings). Therefore, standing alone, a party's statement that he thinks a tribunal may not be impartial is inadequate, for the subjective feelings of defendants cannot, without more, be made the test for disqualification. *See Bradley v. School Bd. of City of Richmond*, 324 F.Supp. 439, 448 (E.D.Va.1971).

■ However, a judge must still give a recusal motion due consideration, even if it lacks the statutorily required support, for if any such motion is "presented in good faith, [it] indicates a fear on a party's part that his trial may be conducted without full regard for his rights and interests." *Id.* A judge is under a duty to decide whatever cases come before him to the best of his ability, *see* 28 U.S.C. § 453, for a judge is equally obliged not to recuse himself when there is no necessity, as he is to recuse himself when there is. *See United States v. Glick*, 946 F.2d 335, 336-37 (4th Cir.1991); *see also In re Virginia Elec. & Power Co.*, 539 F.2d 357, 369 (4th Cir.1976) (indicating that, ultimately, a § 455 motion is subject to the discretion of the district judge).

■ Appellant alleges that Judge Adams, who presided over the bankruptcy proceedings from which this matter originated, "filed a frivolous contempt proceeding against [appellant]." Br. for Appellant at 6, *In the Matter of Merrill*. Further, appellant contends that Judge Adams' "intemperate, libelous writings about [appellant] have demonstrably had little connec-

tion to reality," and he explicitly questions Judge Adams' impartiality. *Id.* However, disqualification is only warranted when a judge's impartiality might *reasonably* be questioned. Appellant's subjective sentiments concerning Judge Adams' alleged impartiality are an inadequate grounds for disqualification. The order entered by Judge Adams suspending appellant's right to practice law was a measure taken by the court to enforce the payment of appellant's final sanction judgment--assessed on June 17, 1997, due on December 17, 1997, and still outstanding more than three (3) years later on June 21, 2000, after all appeals were completed. Further, nothing in the record during the course of the proceedings rises to the level of "deepseated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555, 114 S.Ct. 1147. Therefore, based on the facts and circumstances of this case, the bankruptcy court's denial of appellant's motion to recuse is AFFIRMED.

### B. Bankruptcy Court's Jurisdiction to Suspend Practice of Law

■ Courts have broad discretion in selecting appropriate contempt sanctions[4] and also possess "the inherent authority to disbar or suspend lawyers from practice." *In re Evans*, 801 F.2d 703, 706 (4th Cir.1986), *cert. denied, Evans v. United States Dist. Ct. for Dist. of Md.*, 480 U.S. 906, 107 S.Ct. 1349, 94 L.Ed.2d 520 (1987); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44, 111 S.Ct. 2123, 115

4. In bankruptcy court, Federal Rule of Bankruptcy Procedure 9011 is the equivalent of former Rule 11 of the Federal Rules of Civil Procedure, both of which authorize the imposition of monetary sanctions against parties who file pleadings that are unfounded in fact and unwarranted by existing law or a good faith argument for extension, modification, or reversal of the existing law, or who file pleadings for improper purposes, such as harassment or delay. *See* Fed. R. Bankr. P. 9011; Fed. R. Civ. P. 11; *see also In re Kunstler*, 914 F.2d 505, 513 (4th Cir.1990), *cert. denied, Kunstler v. Britt*, 499 U.S. 969, 111 S.Ct. 1607, 113 L.Ed.2d 669 (1991). Courts may look to case law interpreting Rule 11 when

deciding cases based on violations of Rule 9011. *See In re Weiss*, 111 F.3d 1159, 1170 (4th Cir.), *cert. denied, McGahren v. First Citizens Bank & Trust Co.*, 522 U.S. 950, 118 S.Ct. 369, 139 L.Ed.2d 287 (1997); *In re Atlas Machine & Iron Works, Inc.*, 190 B.R. 796, 806 (Bankr.E.D.Va.1995). Furthermore, a claimant's attorney in a bankruptcy proceeding may be subject to Rule 11 sanctions. *See In re A.H. Robins Co., Inc.*, 197 B.R. 607 (E.D.Va.1992) (holding that a claimant's attorney was subject to Rule 11 sanctions for submitting unsupported allegations of unprofessional behavior against another attorney in the proceeding).

L.Ed.2d 27, *reh'g denied,* 501 U.S. 1269, 112 S.Ct. 12, 115 L.Ed.2d 1097 (1991) (holding that courts possess the inherent authority to impose sanctions). Furthermore, bankruptcy courts may *sua sponte* take any action or make any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process. 11 U.S.C. § 105(a). Section 105 also provides bankruptcy courts with the authority to hold parties or attorneys in civil contempt. *See In re Walters,* 868 F.2d 665, 669 (4th Cir. 1989). Pursuant to the civil contempt power, bankruptcy courts can suspend an attorney from the practice of law and condition reinstatement on compliance with a court order. *See In re Assaf,* 119 B.R. 465, 467–68 (E.D.Pa.1990) (citations omitted) (suspending an attorney from practicing before the bankruptcy court until he complied with the court's order to remit fees collected for legal services); *see also In re Statmore,* 176 B.R. 512, 515 (D.Neb. 1994) (affirming suspension of an attorney from practice in bankruptcy court because he failed to pay under a disgorgement order); *In re Lowe,* 18 B.R. 26 (Bankr. N.D.Ga.1982) (suspending an attorney from practice before bankruptcy court for continued violations of rules and noncompliance with orders). However, the imposition of discipline, such as civil contempt, is subject to procedural due process requirements, including notice and an opportunity to be heard. *See In re Ruffalo,* 390 U.S. 544, 550, 88 S.Ct. 1222, 20 L.Ed.2d 117, *reh'g denied,* 391 U.S. 961, 88 S.Ct. 1833, 20 L.Ed.2d 874 (1968) (holding that an attorney subject to discipline is entitled to procedural due process).

■ Appellant was in long-term, blatant noncompliance with court-ordered sanctions, having not paid them after all appeals were completed in 1998. Furthermore, as discussed herein, Judge Adams clearly possessed the authority to bar appellant from practicing law before the Bankruptcy Court of the Eastern District of Virginia based on appellant's failure to comply with the court's order, and the bankruptcy court may, therefore, condition appellant's reinstatement to practice on payment of the court-ordered sanction. Moreover, the show cause order of May 2, 2000, gave appellant ample notice of the outstanding, unpaid sanction and that he was subject to removal from practice before the bankruptcy court until it was paid. Appellant then had a complete opportunity to be heard on the show cause order on June 6, 2000.[5] Therefore, procedural due process was fully satisfied.

For the reasons set forth above, the court **AFFIRMS** the June 21, 2000 order of the bankruptcy court, imposing dismissal of appellant from the bankruptcy bar of the Eastern District of Virginia until the $5,000.00 sanction ordered on June 17, 1997, is paid.

The Clerk is DIRECTED to forward a copy of this Opinion and Final Order to Stephen Gary Merrill, Esquire, and to the United States Bankruptcy Court for the Eastern District of Virginia.

It is so **ORDERED.**

---

5. Furthermore, at the June 6, 2000 show cause hearing, the court reminded appellant that he still owed the $5,000.00 court-ordered sanction despite a release obtained from the party owning the judgment in the underlying bankruptcy proceeding; however, Judge Adams still gave appellant an opportunity to brief the issue, which appellant failed to do. *See supra* at 4. Moreover, the court reiterated throughout the hearing that appellant needed to remit the grossly overdue sanction imposed by the court to reestablish himself in good standing. *See* Tr. at 2, lines 16–20; 4, lines 4–6.