**In re Steve TUBBS and Kathy Tubbs.**

**No. 6:03–BK–70728 M.**

United States Bankruptcy Court,
W.D. Arkansas,
Hot Springs Division.

Nov. 25, 2003.

Daniel D. Becker, Attorney at Law, Hot Springs, AR, for Debtors.

Ronald G. Holbert, Holbert & Ryan, LLP, Woodland Hills, CA, Kary R. Kump, Law Offices of Farley & Kump, LLP, Ventura, CA, Mary Winzerling, Dyke, Henry, Goldsholl & Winzerling, Little Rock, AR, for creditors.

### *JUDGMENT AND ORDER DIRECTING CLERK OF COURT TO RETURN ANY DOCUMENT OR PLEADING UNTIL CONTEMPT FINE IS PAID*

AUDREY R. EVANS, Chief Judge.

In an Order entered on May 5, 2003, you were directed to appear before an *en banc* panel of the three Bankruptcy Judges for the Eastern and Western Districts of Arkansas on June 9, 2003, to show cause why filings submitted by you to this Court in the above referenced case are not being electronically filed as directed by General Order 23. You did not appear at the June 9, 2003 hearing, or contact the Court, or take any action in response to the notice from this Court. Therefore, in an Order to Show Cause entered on July 21, 2003, a hearing was scheduled for September 16, 2003, for you to appear and show cause why you should not be held in contempt and assessed an appropriate sanction. Again, you failed to appear at the September 16, 2003 hearing, or to contact the Court, or to take any action. Based upon your complete disregard of this Court's prior orders, in an Order of Contempt dated September 22, 2003, the Court found you in contempt and fined you one hundred dollars ($100.00). You were to pay this fine to the Clerk, U.S. Bankruptcy Court for the Eastern and Western Districts of Arkansas no later than October 14, 2003. You did not pay this fine by that deadline, and as of this writing, you still have not paid this contempt fine.

 A bankruptcy court has the authority to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions [of the Bankruptcy Code]." 11 U.S.C. § 105(a). Section 105 provides the power to hold attorneys in civil contempt, and "[c]ourts have broad discretion in selecting appropriate contempt sanctions . . . ." *In re Babcock*, 258 B.R. 646, 651 (Bankr.E.D.Va.2001) (citation omitted). "Pursuant to the civil contempt power, bankruptcy courts can suspend an attorney from the practice of law and condition reinstatement on compliance with a court order." *In re Computer Dynamics, Inc.*, 253 B.R. 693, 699 (E.D.Va.2000) (citing cases); *see also Babcock*, 258 B.R. at 652 (citing cases).

 You have already been held in contempt and have failed to pay the fine which this Court assessed as a sanction. Based upon your complete disregard for the Court's prior orders, and in accordance with its authority under 11 U.S.C. § 105(a), you are hereby prohibited from filing pleadings in the U.S. Bankruptcy Court for the Eastern and Western Districts of Arkansas until such time as you pay the fine which this Court previously assessed as a sanction for your contempt. To ensure enforcement, the Court will direct the Clerk to return to you any document which you file until such time as you pay your contempt fine and comply with this Court's orders. This Order will also be submitted under separate cover to the

California State Bar's Office of Chief Trial Counsel.[1]

Accordingly, it is hereby

**ORDERED** that you, Ronald G. Holbert, are prohibited from filing any further pleadings or documents with the United States Bankruptcy Court for the Eastern and Western Districts of Arkansas, until such time as you pay your previously assessed contempt fine, such fine now to include post-judgment interest pro-rated in the amount of ten percent (10%) per annum in accordance with Ark.Code Ann. § 16–65–114, accruing from the date of entry of the contempt order. It is further

**ORDERED** that the Clerk, U.S. Bankruptcy Court for the Eastern and Western Districts of Arkansas not docket any document or pleading sent to it by you, Ronald G. Holbert, until such time as you pay your previously assessed contempt fine, such fine now to include post-judgment interest pro-rated in the amount of ten percent (10%) per annum in accordance with Ark.Code Ann. § 16–65–114, accruing from the date of entry of the contempt order. It is also

**ORDERED** that the Clerk, U.S. Bankruptcy Court for the Eastern and Western Districts of Arkansas return to you, Ronald G. Holbert, any document which you attempt to file in any case before the U.S. Bankruptcy Court for the Eastern and Western Districts of Arkansas, until such time as you pay your previously assessed contempt fine, such fine now to include post-judgment interest pro-rated in the amount of ten percent (10%) per annum in accordance with Ark.Code Ann. § 16–65–

114, accruing from the date of entry of the contempt order.

**IT IS SO ORDERED**.

1. According to the *2002 Report on the State Bar of California Discipline System,* (April 2003) available at *http://www.calbar.ca.gov,* ("**Report**"), the Office of Chief Trial Counsel "is responsible for the receipt, investigation, and prosecution of complaints against California attorneys." Report at 1.